UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

RHONDA WILLIAMS,

                Plaintiff,

     -against-

CITY OF NEW YORK, Police Officer RICARDO BOCACHICA, Shield No. 000919, Police Officer UCO, Shield # 218, Police Officers JOHN/JANE DOES 1-5, individually,

                Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff Rhonda Williams's ("Ms. Williams") rights under the Fourth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. This Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). The incident in question took place in this District, specifically Bronx County.

1

## JURY DEMAND

5.  Ms. Williams demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

6.  Ms. Williams is a resident of Bronx County and this incident occurred in Bronx County.

7.  Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant City of New York maintains the New York City Police Department (hereinafter "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

9.  Defendant NYPD Officer Ricardo Bocachica, Shield No. 000919, Defendant NYPD Officer UCO, Shield No. 218, and Defendant NYPD John/Jane Doe Officers, at all times relevant herein, were duly sworn officers, employees and agents of the NYPD and were acting under the supervision of said department and according to their official duties. Individual Defendants are sued in their individual capacities.

10. That at all times hereinafter mentioned Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the Individual Defendants were done by said Defendants while acting within the scope of their employment by Defendant City of New York.

## STATEMENT OF FACTS

12. Ms. Williams is a Bronx County resident.

13. On September 10, 2013, Ms. Williams was walking near 1125 Morris Avenue with a female acquaintance she had just run into on the street and the female acquaintance's male companion.

14. As the group walked and talked, the female acquaintance indicated that they were passing a friend's home and she wanted to ring and say hello.

15. Ms. Williams, who was in no great hurry, as she had been taking a walk with no particular destination when she encountered her female acquaintance, agreed.

16. The group did in fact ring the female acquaintance's friend.

17. Ms. Williams made light conversation with someone at the female acquaintance's friend's home while the female acquaintance and her male companion socialized with others.

18. The group did not stay long, said their goodbyes and continued walking in the same direction they had been following before the stop.

19. After two or three blocks more of walking, the male in the group said goodbye to Ms. Williams and her female acquaintance and left in a different direction.

20. Three or four minutes later, Individual Defendant Police Officers appeared, arrested Ms. Williams and her female acquaintance and placed them in a police van.

21. Individual Defendant Police Officers then drove the van back to the house where Ms. Williams had just been.

22. Individual Defendant Police Officers arrested two people there.

23. Individual Defendant Police Officers did not arrest the person with whom Ms. Williams had made polite conversation.

24. Ms. Williams was incarcerated overnight.

25. On information and belief, Defendant UCO was the male companion of Ms. Williams's female acquaintance.

26. Defendant UCO falsely reported to employees of the Bronx County District Attorney's Office that he had had a drug-related conversation with Ms. Williams and that Ms. Williams and her female acquaintance both played some role in brokering Defendant UCO's purchase of marijuana from one of the inhabitants of the home where the group briefly stopped.

4

27. This was not true.

28. On the basis of Defendant UCO's fabrication of evidence, Ms. Williams was charged with possession and sale of marijuana.

29. The state court dismissed the marijuana possession and sale charges against Ms. Williams at her arraignment.

30. Ms. Williams suffered damages as a result of Defendants' actions. Defendants unconstitutionally deprived Ms. Williams of her liberty, damaged her reputation, caused her loss of wages due to a work suspension, and caused her emotional trauma.

31. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a custom, policy and/or practice of: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

32. The aforesaid incident is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, Defendant City of New York is aware (from said lawsuits as well as notices of claims and complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD officers, including the Defendants, arrest individual persons in order to meet productivity goals and arrest quotas; arrest individuals for professional advancement, overtime compensation and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification of evidence in an attempt to justify the false arrest.

33. The Honorable Jack B. Weinstein, United States District Judge for the Eastern District of New York, has written that

> [i]nformal inquiry by the [C]ourt and among judges of this [C]ourt, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the [NYPD] . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the [C]ity approving illegal conduct of the kind now charged.

Colon v. City of N.Y., Nos. 9 Civ. 8, 9 Civ. 9, 2009 WL 4263362, at *2 (E.D.N.Y. November 25, 2009).

34.     Former Deputy Commissioner Paul J. Browne, as reported in the press on January 20, 2006, stated that NYPD commanders are permitted to set "productivity goals," permitting an inference of such a custom or policy encouraging deprivations of individuals' constitutional rights in cases such as this one.

35.     Defendant City of New York is thus aware that its improper training and customs and policies have often resulted in a deprivation of individuals' constitutional rights.  Despite such notice, Defendant City of New York has failed to take corrective action.  This failure caused Individual Defendants in this case to violate Ms. Williams's constitutional rights.

36.     Moreover, on information and belief, Defendant City of New York was aware, prior to the incident, that the Individual Defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers.  Despite such notice, Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

37.     All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

38. All of the aforementioned acts deprived Ms. Williams of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

39. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

41. As a result of the foregoing, Ms. Williams is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### FIRST CLAIM
### 42 U.S.C. § 1983

42. Ms. Williams repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

43. Defendants, by their conduct toward Ms. Williams alleged herein, violated Ms. Williams's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

44. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Ms. Williams of her constitutional rights.

45. As a direct and proximate result of Defendants' unlawful conduct, Ms. Williams sustained the damages hereinbefore alleged.

## SECOND CLAIM
## FALSE ARREST

46. Ms. Williams repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

47. Defendants violated the Fourth and Fourteenth Amendments because they arrested Ms. Williams without cause.

48. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Ms. Williams of his constitutional rights.

49. As a direct and proximate result of Defendants' unlawful conduct, Ms. Williams sustained the damages hereinbefore alleged.

## THIRD CLAIM
## FABRICATION OF EVIDENCE

50. Ms. Williams repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

51. Defendants, by their conduct toward Ms. Williams herein alleged, fabricated evidence against her knowing that the evidence in question would likely influence a jury.

52. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malic and with the specific intent to deprive Ms. Williams of her constitutional rights.

## FOURTH CLAIM
## FAILURE TO INTERVENE

53. Ms. Williams repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

54. Individual Defendants actively participated in the aforementioned unlawful conduct but also observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments of the United States Constitution.

56. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Ms. Williams of his constitutional rights.

57. As a direct and proximate result of Defendants' unlawful conduct, Ms. Williams sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## MONELL CLAIM

58. Ms. Williams repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

59. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

60. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Ms. Williams's rights as described herein. As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and supervise its officers, including the

Individual Defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

61. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

62. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD constituted deliberate indifference to Ms. Williams's safety, well-being and constitutional rights.

63. The foregoing customs, polices, usages, practices, procedures and rules of Defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Ms. Williams as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Ms. Williams respectfully request the following relief:

A. An order entering judgment for Ms. Williams against Defendants on each of their claims for relief;

B. Awards to Ms. Williams for compensatory damages against all Defendants, jointly and severally, for their violation of the Fourth, Fifth, Sixth and Fourteenth Amendment rights of Ms. Williams, the amount to be determined at jury trial, which Ms. Williams respectfully demands pursuant to FRCP 38;

C. Awards to Ms. Williams of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to the constitutional rights and welfare of Ms. Williams, the amount to be determined at jury trial, which Ms. Williams respectfully demands pursuant to FRCP 38;

D. Awards to Ms. Williams of the costs of this action, including reasonable attorneys' fees;

E. Such further relief as this Court deems just and proper.

DATED:   January 12, 2016
         New York, New York

                                    /s
                                    Ryan Lozar
                                    305 Broadway, 9th Floor
                                    New York, New York 10007
                                    (310) 867-1562
                                    ryanlozar@gmail.com

                                    *Attorney for Plaintiff*