UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

RHONDA WILLIAMS,

                              Plaintiff,

                  -against-

CITY OF NEW YORK, Police Detective
RICARDO BOCACHICA, Shield No. 000919,
Police Detective JOSH KAVANEY, Shield No.
370, Police Detective ANTHONY DISIMONE,
Shield No. 340, Police Sergeant PATRICIO
OVANDO, Police Officer UCO, Shield # 218,
Police Detective VERDEJO (f/n/u), Police
Officers JOHN/JANE DOES 1-5, individually,

                              Defendants.

------------------------------------------------------------ x

**DECLARATION OF
RYAN LOZAR**

No. 16 Civ. 233 (JPO)

**RYAN LOZAR,** an attorney duly admitted to the Bar of this Court,

declares, under penalty of perjury, the following to be true:

1.      I am a member of The Law Office of Ryan Lozar, P.C. ("Firm").  The

Firm represents Plaintiff Rhonda Williams in this action.

2.      I submit this Declaration in support of Plaintiff's motion for costs and

fees pursuant to Fed. R. Civ. P. 68, 42 U.S.C. § 1988, and the Court's recent

Scheduling Order, and otherwise to enforce the Parties' FRCP 68 settlement.

3.     Unless otherwise noted, the content of this Declaration is based on my personal knowledge and a review of the Firm's files.

**Factual and Procedural Background**

4.     In this action, Ms. Williams sought redress for the unlawful deprivation of her liberty she sustained on September 10, 2013, when Defendant Officers arrested her without cause.   In her pleadings, Ms. Williams asserted claims against the Defendant Officers under 42 U.S.C. § 1983 for, among other things, false arrest.

5.     On January 12, 2016, Ms. Williams filed her Original Complaint. Docket No. 1.

6.     On August 2, 2016, the Parties participated in Court-Ordered mediation after exchanging and reviewing substantial paper discovery, and synthesizing their respective legal and factual theories of the case from that review. Docket Entry 8/4/2016.

7.     The mediation was unsuccessful and the Parties proceeded to litigate. For example:

   a. The Parties conferred and developed a pretrial schedule to propose to the Court;

   b. Plaintiff served Defendants with her First Document Requests and Interrogatories;

2

    c.  The Parties attended an initial conference with the Court, which set a pretrial schedule for the case;

    d.  Plaintiff drafted a Proposed First Amended Complaint that named Doe Defendants and which conformed to the evidentiary record, and obtained Defendants' consent to file;

    e.  The Parties continued to discuss with the mediator whether and to what extent another mediation would be useful; and

    f.  Plaintiff served Defendants with supplemental disclosures.

8.    On September 12, 2016, Defendants served Plaintiff with a FRCP 68 offer.  <u>Exhibit 1</u>.  The FRCP 68 offer stated that it allowed Plaintiff "to take a judgment against the City of New York in this action for the total sum of Ten Thousand and One ($10,001.00) Dollars, plus reasonable attorneys' fees, expenses, and costs to the date of this offer for plaintiff's federal claims."  <u>Id.</u>

9.    On September 19, 2016, Plaintiff accepted Defendants' FRCP 68 offer of judgment in the amount of $10,001.00.  <u>Exhibit 2</u>.

10.    On October 18, 2016, the Court adjourned the Parties' deadline for resolving fees and costs to October 31, 2016.  <u>Docket No. 35</u>.

11.    The only issue that remains in dispute is the reasonable amount of such "fees, expenses and costs."  Although the Firm has presented Defendants with detailed records of Plaintiff's costs and fees, Defendants have refused to pay them, thus necessitating this motion.

**The Fee Dispute**

12.     On or about September 29, 2016, Plaintiff served Defendants a detailed invoice specifying her fees and costs incurred in this matter through and including September 16, 2016, in the total amount of $10,863.80.  Exhibit 3.  The September 29 invoice contained contemporaneous supporting time entries and it is presented here in the form presented to Defendants.  Id.

13.     Defendants responded with an offer to pay $6,000.00 in fees and costs.

14.     Defendants explained their offer by presenting various arguments, which included arguments that:

    a. Plaintiff had attributed a single time entry on the September 29 invoice to her attorney when she should have attributed it to a paralegal;

    b. Plaintiff could not recover attorneys' fees for the 30 minutes she conferred with her counsel about the issuance of the FRCP 68 offer because that conference occurred after the FRCP 68 offer was made; and

    c. Plaintiff's counsel should have read Defendants' initial disclosures more quickly.

15.     Plaintiff agreed as to Defendants' points about the paralegal and the FRCP 68 consultation items.  Plaintiff disagreed about the initial disclosures point but agreed to reduce the time corresponding to that entry in the hope of lubricating settlement.  On October 19, 2016, Plaintiff served Defendants with an invoice

4

reflecting these line-item amendments. Exhibit 4. The amended invoice specified her fees and costs in this matter for a total amount of $10,396.30. Id. An accompanying cover letter explained in detail the ways in which the amended invoice modified the September 29 invoice. Exhibit 5.

16.     Defendants responded with an offer to pay Plaintiff $7,000.00 for her fees and costs, which represented a 33% reduction of Plaintiff's amended invoice showing fees and costs of $10,396.30.

17.     Defendants explained their offer with roughly three arguments.   It should be noted that Defendants made these arguments when challenging Plaintiff's September 29 invoice as well.  Defendants argued that:

    a.  Plaintiff's Counsel's rate should be $275.00 or $300.00 per hour, and not $400.00 per hour;

    b.  Plaintiff's paralegal rate should be $75.00 per hour, and not $125.00 per hour; and

    c.  Plaintiff's Counsel should not bill for the actual time he spent performing certain tasks.  For example, Defendants objected to:

        i.  Plaintiff's Counsel taking two hours and twenty-four minutes to read nearly one-hundred pages of dense discovery (Defendants believed Plaintiff's Counsel should have done this in thirty minutes flat);

        ii.  Plaintiff's Counsel taking fifty-six minutes to draft an ex parte settlement statement for the mediator (Defendants would have allotted precisely thirty minutes for this, too);

     iii.  Plaintiff's Counsel spending two hours and eighteen minutes to draft detailed document requests and interrogatories tailored to this case (Defendants opined that Plaintiff's Counsel should have turned this around in eighteen minutes); and

     iv.  Plaintiff's Counsel spending one hour and six minutes to draft an amended complaint that conformed to the evidentiary record (Defendants suggested that thirty minutes would have been more appropriate).

18.    Plaintiff disagreed and disagrees with each and every one of Defendants' objections to her amended invoice.

19.    Nonetheless, Plaintiff offered to accept $9,200.00, then $9,000.00, to settle the Parties' fees and costs dispute. Again, Plaintiff did not believe that Defendants' arguments had merit, but she was willing to accept a 12% to 13% reduction of her actual fees and costs to spare the Parties and the Court the tedium of motion practice.

20.    Defendants rejected Plaintiff's settlement proposal. Defendants reiterated their arguments and stated that $7,000.00—a nearly 33% reduction of Plaintiff's actual fees and costs—was their final settlement offer.

21.    Plaintiff withdrew her reasonable settlement proposal and today files this motion for her fees and costs and also her fees and costs related to making this motion.

22.    Counsel spent 4.4 hours preparing this application for reasonable fees and costs.

DATED:     October 31, 2016
           New York, New York

                                   Ryan Lozar
                                   305 Broadway, 10th Floor
                                   New York, New York 10007
                                   (310) 867-1562

To:    ACC Katherine Byrns, Esq. (by hand and ECF)
       Office of Corporation Counsel
       100 Church Street
       New York, NY 10007

7