16 CV 233 (JPO)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RHONDA WILLIAMS,

                                  Plaintiff,

-against-

CITY OF NEW YORK, Police Detective RICARDO BOCACHICA, Shield No. 000919, Police Detective JOSH KAVANEY, Shield No. 370, Police Detective ANTHONY DISIMONE, Shield No. 340, Police Sergeant PATRICIO OVANDO, Police Officer UCO, Shield # 218, Police Detective VERDEJO (f/n/u), Police Officers JOHN/JANE DOES 1-5, individually,

                                  Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Katherine Byrns*
*Tel: (212) 356-3549*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

      POINT I

           PLAINTIFF'S COUNSEL'S PROPOSED HOURLY RATE IS UNREASONABLY HIGH ....................................... 2

      POINT II

           THE AMOUNT OF HOURS EXPENDED BY PLAINTIFF'S COUNSEL IS EXCESSIVE AND MUST BE REDUCED. ............................................................................. 8

           A.   Plaintiff is not entitled to fees for the preparation of the instant motion. ........................................................ 8

           B.   The amount of hours billed are excessive. ............................................ 9

CONCLUSION ........................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**                                                                                                                        **Pages**

Adorno v. Port Authority of NY & NJ,
   685 F. Supp. 2d 507 (S.D.N.Y. 2010)......................................................................................4

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,
   522 F.3d 182 (2d Cir. 2007)............................................................................................ 3, 5-6

Blum v. Stenson,
   465 U.S. 886 (1984)............................................................................................................3

Builders Bank v. Rockaway Equities, LLC,
   No. 08-CV-3575 (MDG), 2011 U.S. Dist. LEXIS 107409
   (E.D.N.Y. Sept. 23, 2011)..................................................................................................11

Chambless v. Masters, Mates & Pilots Pension Plan,
   885 F.2d 1053 (2d Cir. 1989)..............................................................................................7

Farbotko v. Clinton County,
   433 F.3d 204 (2d Cir. 2005)................................................................................................3

Finch v. New York State Office of Children and Family Servs.,
   861 F. Supp. 2d 145 (S.D.N.Y. 2012)..................................................................................7

Green v. City of New York,
   403 Fed. Appx. 626 (2d Cir. 2010)....................................................................................11

Hassan v. City of New York,
   No. 11 CV 5382 (JBW) (VMS), 2014 U.S. Dist. LEXIS 26194
   (E.D.N.Y. Feb. 10, 2014)....................................................................................................6

Hugee v. Kimso Apts. LLC,
   852 F. Supp. 2d 281 ............................................................................................................5

Lee v. Santiago,
   2013 WL 4830951 (S.D.N.Y. 2013)...................................................................................9

Long v. City of New York,
   09-CV-6099 (AKH), 2010 U.S. Dist. LEXIS 81020 (S.D.N.Y. Aug. 6, 2010) ..................9

Luca v. Cty. Of Nassau,
   No. 04 CV 4898 (FB), 698 F. Supp. 2d 296,
   (E.D.N.Y. Jan. 25, 2010) ....................................................................................................5

**Cases** **Pages**

Manzo v. Sovereign Motor Cars, Ltd.,
   No. 08-CV-1229 (JG) (SMG), 2010 U.S. Dist. LEXIS 46036
   (E.D.N.Y. May 11, 2010) ............................................................................................. 11-12

Marisol v. Giuliani,
   111 F. Supp. 2D 381 (S.D.N.Y. 2000)..................................................................................11

New Earthshell Corp. v. Jobookit Holdings Ltd.,
   14 CV 3602 (JMF) (S.D.N.Y. May 7, 2015) .......................................................................11

Reiter v. Metropolitan Transp. Of State of New York,
   01 CV 2762, 2007 WL 2775144 (S.D.N.Y. Sept. 25, 2007) ................................................3, 7

Rozell v. Ross-Holt,
   576 F. Supp. 2D 527 (S.D.N.Y. 2008)...................................................................................4

Schoolcraft v. City of N.Y.,
   10 Civ. 6005 (RWS), 2016 WL 4626568 (S.D.N.Y. Sept. 6, 2016)...............................5, 7, 8

Siracuse v. Program for the Dev. of Human Potential,
   No. 07-CV-2205 (CLP), 2012 U.S. Dist. LEXIS 73456
   (E.D.N.Y. Apr. 30, 2012)........................................................................................................3

Spencer v. City of New York,
   No. 06 Civ. 2852 (KMW), 2013 U.S. Dist. LEXIS 161693
   (S.D.N.Y. Nov. 12, 2013) .......................................................................................................3

Stanczyk v. City of New York,
   752 F.3d 273 (2d Cir. 2014).....................................................................................................3

Tatum v. City of New York,
   06-CV-4290 (PGG) (GWG), 2010 U.S. Dist. LEXIS 7748 ...................................................11

Tucker v. City of New York,
   704 F. Supp. 2d 347 (S.D.N.Y. Mar. 25, 2010) ......................................................................3

Wise v. Kelly,
   620 F. Supp. 2d 435 (S.D.N.Y. 2008).....................................................................................4

| **Statutes** | **Pages** |
| --- | --- |
| 42 U.S.C. § 1983 | 1, 4, 5, 6 |
| Fed. R. Civ. Proc. 68 | 1, 2, 6, 7, 8, 9 |
| Local Civil Rule 83.10 | 1 |
| Local Civil Rule 83.10(5) | 1 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RHONDA WILLIAMS,

                                                          Plaintiff,

                 -against-                         **DEFENDANTS'**
                                                                       **MEMORANDUM OF LAW IN**
CITY OF NEW YORK, Police Detective RICARDO        **OPPOSITION TO**
BOCACHICA, Shield No. 000919, Police Detective JOSH  **PLAINTIFF'S MOTION FOR**
KAVANEY, Shield No. 370, Police Detective ANTHONY  **ATTORNEY'S FEES AND**
DISIMONE, Shield No. 340, Police Sergeant PATRICIO   **COSTS**
OVANDO, Police Officer UCO, Shield # 218, Police
Detective VERDEJO (f/n/u), Police Officers JOHN/JANE    16 CV 233 (JPO)
DOES 1-5, individually,

                                           Defendants.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

      Plaintiff Rhonda Williams commenced this action on January 12, 2016 alleging a violation of her civil rights pursuant to 42 U.S.C. § 1983. Plaintiff brought only claims of false arrest, fabrication of evidence, failure to intervene, and municipal liability stemming from her arrest occurring in the vicinity of 1125 Morris Avenue in Bronx County, New York. This matter was immediately referred to the Plan for Certain § 1983 Cases Against the City of New York pursuant to Local Civil Rule 83.10 (the "1983 Plan"). The parties then engaged in the "Limited Discovery" required by Local Rule 83.10(5). In accordance with the 1983 Plan, the parties also participated in mediation on August 2, 2016. After mediation was unsuccessful, the parties attended an initial conference on September 1, 2016 (the "Initial Conference"). On September 12, 2016, defendants served plaintiff with an Offer of Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure in the amount of $10,001 (the "Rule 68"). Prior to defendants' issuance of the Rule 68, no depositions were taken, nor had any been scheduled to take place.

There was no motion practice. The parties did not make any court appearances following the Initial Conference. Beyond the Limited Discovery required by the 1983 Plan, the only additional discovery that had taken place was plaintiff's service of interrogatories and document requests on August 23, 2016; defendants did not serve responses to plaintiff's discovery requests because plaintiff accepted the Rule 68 prior to the date on which defendants' responses were due.

Plaintiff now moves for attorney's fees alleging that 24.6 attorney and .4 paralegal hours were expended in this case for a total of $9,889.70 and seeking $506.30 in costs, for a total requested bill of $10,396.30. Defendants respectfully submit this memorandum of law in opposition to plaintiff's motion for an order awarding attorney's fees and costs in the amount of $10,396.30 on the grounds that (1) plaintiff's counsel's proposed hourly rate is unreasonably high and (2) the amount of hours purportedly expended by plaintiff's counsel in litigating this matter is unreasonable.

## ARGUMENT

### POINT I

### PLAINTIFF'S COUNSEL'S PROPOSED HOURLY RATE IS UNREASONABLY HIGH

In his memorandum of law in support of his motion for attorney's fees and costs, plaintiff's counsel, Mr. Ryan M. Lozar, seeks a rate of $400 per hour. Defendants respectfully submit that the rate sought by plaintiff's counsel is higher than those awarded to attorneys with similar levels of experience practicing in the Southern District of New York, particularly in light of the non-complex and straightforward nature of the claims in this litigation. Defendants, therefore, respectfully submit that a rate of $275 an hour for the work completed by Mr. Ryan Lozar in this matter is appropriate.

To calculate a reasonable, and therefore, appropriate, award of attorney's fees, the Second Circuit has ruled that "the district court must first determine the 'lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — [which] creates a presumptively reasonable fee.'" Stanczyk v. City of New York, 752 F.3d 273, 284-85 (2d Cir. 2014). A reasonable rate is one which "a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2007). The Circuit has advised courts to be mindful that, naturally, "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Id. at 190. To identify a presumptively reasonable rate, courts have traditionally considered rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Tucker v. City of New York, 704 F. Supp. 2d 347, 354 (S.D.N.Y. Mar. 25, 2010) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)); see also Siracuse v. Program for the Dev. of Human Potential, No. 07-CV-2205 (CLP), 2012 U.S. Dist. LEXIS 73456, at *80-81 (E.D.N.Y. Apr. 30, 2012). "It is well-established that the prevailing community a district court should consider . . . is normally the district in which the court sits." Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006). As such, in this case, the relevant community is the Southern District. See id.

"It is the fee movant's burden to establish the prevailing market rate." Spencer v. City of New York, No. 06 Civ. 2852 (KMW), 2013 U.S. Dist. LEXIS 161693, at *9 (S.D.N.Y. Nov. 12, 2013). To satisfy that burden, counsel must show by "satisfactory evidence – in addition to the attorney's own affidavits" – that the requested hourly rates are the prevailing market rates. Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005) (citing Blum, 465 U.S. at 896 n.11).

Mr. Lozar's requested fee of $400.00 per hour is not commensurate with the prevailing rates in this District, Mr. Lozar's experience, or the nature of this case.

Courts have reached some consensus about current prevailing rates in federal civil rights cases in the Southern District of New York. See Adorno v. Port Authority of NY & NJ, 685 F. Supp. 2d 507, 513-14 (S.D.N.Y. 2010) (finding that "the range of fees in th[e] [Southern] District for civil rights and employment litigators with approximately ten years of experience is between $250 per hour and $350 per hour); Wise v. Kelly, 620 F. Supp. 2d 435, 446 (S.D.N.Y. 2008) ("The legal community at issue here is one that covers small to mid-size firms in civil rights, or similar cases" and collecting cases awarding $230-$430 per hour for civil rights litigators); Rozell v. Ross-Holt, 576 F. Supp. 2D 527, 545-56 (S.D.N.Y. 2008) (applying hourly rates of $350 for senior associates and $250 for junior associates in a case where plaintiff was represented by "one of the outstanding firms representing plaintiffs in employment cases"). The rate that Mr. Lozar seeks is simply inconsistent with the prevailing rates in this District.

Mr. Lozar's experience in § 1983 litigation also does not support the rate that he seeks. At most, Mr. Lozar can claim about two years in § 1983 litigation. Mr. Lozar states that he began his solo practice in 2015, where he focuses, in part, on § 1983 litigation. See Lozar Experience Decl., ¶ 8. Since the opening of his solo practice, he has appeared as counsel of record in approximately thirty § 1983 actions. See id. at ¶ 10. The relative infancy of Mr. Lozar's practice and a cursory review of the docket sheets in these matters suggest that a majority of these litigations have been neither protracted nor significantly complex. Mr. Lozar points to his prior experience as an attorney in support of his application for fees in the amount of $400 per hour; however, none of his prior litigation experience involved Section 1983 litigation or alleged police misconduct. For instance, Mr. Lozar cites to his employment at the firm of Kramer Levin

4

Naftalis & Frankel where he states he "served a the lead associate on a corporate governance litigation alleging self-dealing and breach of fiduciary duty," or, in other words, matters wholly unrelated to Section 1983 litigation. Id. at ¶ 14. Mr. Lozar also directs the Court to his clerkship experiences. See id. at ¶¶ 11, 15. Mr. Lozar explains that, during his tenure as a law clerk, he "regularly worked on substantive and procedural matters relating to Section 1983 cases." Id. at ¶ 14. While serving as a law clerk certainly may have afforded him familiarity with civil rights law, the only experience Mr. Lozar appears to have gained in actually litigating civil rights cases is through his fewer than two-year-old solo practice. In total, the experience to which Mr. Lozar refers is simply insufficient to support a finding that Mr. Lozar is an "expert trial attorney with extensive experience before the federal bar, who specialize[s] in the practice of civil rights law and [is] recognized by his peers as a leader an expert" in the field of Section 1983 litigation such that he would be entitled to fees at the rate he seeks. Hugee v. Kimso Apts. LLC, 852 F. Supp. 2d 281, 299; see also Luca v. Cty. Of Nassau, No. 04 CV 4898 (FB), 698 F. Supp. 2d 296, 301 (E.D.N.Y. Jan. 25, 2010) (concluding that $400 per hour award reasonable rate to partner with over 25 years of experience "specializing in plaintiffs-side civil rights cases" whose "peers recognized him as an authority in his specialty, as evidenced by his numerous teaching and speaking engagements," and who has handled approximately 180 civil rights cases in the Eastern District alone). Accordingly, defendants respectfully submit that Mr. Lozar should be awarded fees in the amount of $275 per hour.

Other factors warrant a rate of $275 per hour in this case. Mr. Lozar's requested fee rate is not "equivalent to what a 'reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively' would be willing to bear in this District." Schoolcraft v. City of N.Y., 10 Civ. 6005 (RWS), 2016 WL 4626568 (S.D.N.Y. Sept. 6, 2016) (citing Arbor

Hill Concerned Citizens Neighborhood Ass'n v. City of Albany & Albany Cty. Bd. Of Elections, 522 F.3d 182, 184 (2d Cir. 2008)). Rather, Mr. Lozar's suggested fee is "more equivalent to an opening bid in a negotiation; the highest number one might suggest to frame the conversation before the first counter-offer" and "[a] keen client would have negotiated these rates down." Id. Specifically, because this was a simple case, a client would not reasonably pay Mr. Lozar the $400 per hour rate that he seeks. The courts routinely hold that "[h]ourly rates may also be curtailed where the work was not overly complex or difficult." Hassan v. City of New York, No. 11 CV 5382 (JBW) (VMS), 2014 U.S. Dist. LEXIS 26194, *14 (E.D.N.Y. Feb. 10, 2014). This case was a straightforward § 1983 suit that did not involve any novel questions of law. Further, significantly, plaintiff accepted the Rule 68 before, for instance, any motion practice, any court appearances beyond the brief initial conference, or any depositions. In fact, the only discovery exchanged before acceptance of the Rule 68 was the limited discovery required under the 1983 Plan. Notably, Mr. Lozar acknowledges that the Rule 68 was accepted before any significant legal issues arose or any considerable substantive work was done; Mr. Lozar states that he was merely "on his way to building an evidentiary record to support motion practice for undercover officer discovery [and] to support motion practice to unseal Plaintiff's co-arrestee records." Pl.'s Memo of Law, p. 13 (emphasis added). At the point that the case settled, no such motion practice or extensive discovery had actually taken place.

Finally, Mr. Lozar does not suggest that any client has ever paid him or agreed to pay him $400 per hour for his services. Instead, Mr. Lozar points only to the "$490 and $510 hourly rate that [he has] billed clients in the past" while he was "working at a large law firm in New York City" where – as Mr. Lozar admits – "the firm's overhead was built into [his] hourly rates and those of all the firm's lawyers." Plaintiff's Memorandum of Law in Support of Her Motion

to Enforce the Terms of the Parties' Rule 68 Settlement, Including Reasonable Attorney's Fees, Expenses and Costs ("Pl.'s Memo of Law"), p. 13. Mr. Lozar's prior large firm "rate" does not apply in this matter because, first, plaintiff's counsel describes his experience at that firm as pertaining to complex corporate litigation, not to civil rights work. See Declaration of Ryan Lozar Relating to Experience and Rate ("Lozar Experience Decl."), ¶ 14. And perhaps more significantly, Mr. Lozar is a "solo...practicioner[] whose practice[] [is] incomparable to large law-firms employing thousands of attorneys, where rates factor in massive overhead." Schoolcraft, 2016 WL 4626568. "The size of the law firm is a significant factor in determining the relevant market rates." Finch v. New York State Office of Children and Family Servs., 861 F. Supp. 2d 145, 154 n. 50 (S.D.N.Y. 2012) (citing Reiter v. Metropolitan Transp. Of State of New York, 01 CV 2762, 2007 WL 2775144 (S.D.N.Y. Sept. 25, 2007)). Finally, and notably, plaintiff merely states that he was "billed" at this rate while working at that firm; plaintiff's counsel never states that his former clients ever actually paid this rate for his work because, as it is commonly known, when large law firms issue bills, such bills are routinely discounted or negotiated down. Given the lowered costs associated with operating a solo practice as opposed to a law firm, the rate Mr. Lozar's former firm charged on his behalf as a large firm associate is not instructive here. See Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058 (2d Cir. 1989) (noting that courts do not need to assign the same rate to every law firm in the district because billing rates for attorneys at larger firms are generally higher than rates for attorneys at smaller firms).

     For the above-stated reasons, Mr. Lozar's proposed rate is unreasonable.

## POINT II

### THE AMOUNT OF HOURS EXPENDED BY PLAINTIFF'S COUNSEL IS EXCESSIVE AND MUST BE REDUCED.

**A.     Plaintiff is not entitled to fees for the preparation of the instant motion.**

Plaintiff's counsel requests that the Court permit him to recover attorneys' fees for the preparation of his fee application, and states that he spent 4.4 hours in preparing his application. See Declaration of Ryan Lozar ("Lozar Decl."), ¶ 22. However, the Court should not award plaintiff any fees whatsoever for the preparation of the motion for fees because plaintiff may not recover for fees incurred after the date of service of the Rule 68 and because there is no equitable basis for plaintiff's receipt of "fees on fees."

First, the Rule 68 Offer made in this case, the terms of which plaintiff accepted by agreeing to that offer, specifically stated that City was offering to allow plaintiff to take a judgment against the City of New York in this action for a sum certain "plus reasonable attorneys' fees, expenses, and costs *to the date of this offer"* for plaintiff's federal claims. Rule 68 Offer of Judgment, annexed to Lozar Decl., as Exh. "1", p. 1 (emphasis added). Accordingly, the agreed-to language does not include any fees incurred following the date the Rule 68 Offer was served, which, in this case, was on September 12, 2016. The Honorable Robert W. Sweet, United States District Judge for the Southern District of New York, recently held that plaintiff was not entitled to fees on plaintiff's motion for fees on this basis alone. See Schoolcraft v. City of N.Y., 10 Civ. 6005 (RWS), 2016 WL 4626568 (S.D.N.Y. Sept. 6, 2016) ("The Rule 68 Judgment provides 'plaintiff shall be entitled to reasonable attorney's fees, expenses, and costs to the date of this offer'…On the terms of the agreement alone, fees-on-fees are denied."). Accordingly, 4.5 hours plaintiff's counsel purportedly spent on this motion are not recoverable under the plain language of the Rule 68.

8

Even if the Court were free to disregard the terms of the Offer of Judgment, which it is not, there is no equitable basis for awarding plaintiff "fees on fees" here. The few cases allowing such fees on equitable grounds require some showing of "bad faith" to overcome the terms of the Rule 68. Long v. City of New York, 09-CV-6099 (AKH), 2010 U.S. Dist. LEXIS 81020, *5-6 (S.D.N.Y. Aug. 6, 2010) ("If the City's dispute over recoverable fees were in bad faith, then compensation for the work necessary for plaintiff's fee application may be justified. No such showing has here been made."); see also Lee v. Santiago, 2013 WL 4830951 at *10, *13 (S.D.N.Y. 2013) (acknowledging that "[w]hen a plaintiff accepts an offer of judgment that includes fees 'up to the date' of the offer, the Court, as a general matter, should not award fees for work performed on the plaintiff's claims after that date") (citing Long v. City of New York, 2010 U.S. Dist. LEXIS 81020, at *5)). Here, the parties dispute over recoverable fees was not the result of any bad faith in defendants' part; rather, the dispute was largely a result of plaintiff's counsel's adamant refusal to acknowledge that a Court not only might, but would likely, award him fees in an amount lower than $400 per hour. In fact, tellingly, plaintiff's counsel does not point to any bad faith on behalf of defendants in arguing that he is entitled to "fees on fees." Rather, plaintiff's counsel states – without any explanation or elaboration – that "[f]inally, and very briefly, Plaintiff respectfully requests that the Court permit her to recover attorneys' fees for the preparation of this fee application, which courts have held to be compensable." Pl.'s Memo of Law, p. 18 (internal citations omitted). Therefore, plaintiff's request to be compensated for fees for the preparation of the fee application should be denied.

**B.     The amount of hours billed are excessive.**

There are also several categories of entries where counsel has either inflated his hours or billed an excessive number of hours. Because no reasonable client would be willing to pay for excessive and redundant work, the Court should reduce the number of hours billed by 20%.

9

Plaintiff's counsel argues that defendants' assertion that the number of hours billed in this case is excessive is premised on defendants' belief that plaintiff "should have limited himself to…rushed anemic advocacy." Pl.'s Memo of Law, p. 8. However, that is incorrect. Rather, plaintiff's counsel's own admissions during this relatively swift litigation suggest that he has overbilled. For instance, plaintiff's counsel billed two-hours and twenty-four minutes for his review of defendants' supplemental disclosures. Lozar Decl., ¶ 17(c)(1). Yet, plaintiff's counsel's statements suggest that he gave the documents for which he billed 2.4 hours only a perfunctory review. Just prior to mediation, plaintiff withdrew his initial settlement demand; at the commencement of mediation, Mr. Lozar justified the abandonment of plaintiff's initial demand for a much higher demand by explaining that, upon closer inspection of the documents produced by defendants while preparing for the mediation session the night before mediation, plaintiff had a much stronger case than he had initially contemplated. Indeed, if plaintiff's counsel had in fact spent the nearly three hours he claims to have spent reviewing these documents, he would have recognized these alleged strengths sooner than just prior to the mediation.

Another example of Mr. Lozar's apparent over-billing is the 1.1 hours he claims to have spent in drafting the Amended Complaint. See id., ¶ 17(c)(1)(iv). The only salient difference between the Complaint and the Amended Complaint is that the Amended Complaint substitutes several John Doe officers for named officers. Compare Complaint, filed January 12, 2016, Docket Entry No. 1; see also First Amended Complaint, filed September 9, 2016, Docket Entry No. 30. Thus, it is unreasonable for plaintiff's counsel to seek the amount of time he seeks in drafting the Amended Complaint.

Plaintiff's counsel's inclusion of clerical work in his request for legal fees also warrants a fee reduction. This Court routinely holds that administrative and clerical work is not compensable as part of an award for attorney's fees. See, e.g., Marisol v. Giuliani, 111 F. Supp. 2D 381, 391 (S.D.N.Y. 2000) (excluding certain administrative tasks from an award of attorney's fees). Specifically, as part of a block entry, Mr. Lozar billed for e-mailing the 26(f) report, which is also clearly an administrative task. See Lozar Decl., Exh. 3, p. 2; see also New Earthshell Corp. v. Jobookit Holdings Ltd., 14 CV 3602 (JMF) (S.D.N.Y. May 7, 2015) (holding that "circulating pdf's [*sic*] of third amended complaint and exhibits...does not represent legal work suitable to billing at an attorney's rates"). Additionally, plaintiff billed .1 hours for his review of a "series of Court Orders," which appears to be a task more suitable for a paralegal. Tatum v. City of New York, 06-CV-4290 (PGG) (GWG), 2010 U.S. Dist. LEXIS 7748, at *9 (awarding paralegal rates for attorney time spent monitoring case's progress on ECF).

Based on the examples of excessive billing described above, an across-the-board percentage cut is appropriate. "Courts in this Circuit are permitted to reduce an excessive fee request by making an across-the-board percentage for redundant or otherwise unnecessary hours." Green v. City of New York, 403 Fed. Appx. 626, 630 (2d Cir. 2010) (allowing district courts to make across-the-board percentage cuts as a practical means in deciding fee applications); see also Carey, 711 F.2d 1146 (since "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application" courts may apply across the board percentage cuts); Builders Bank v. Rockaway Equities, LLC, No. 08-CV-3575 (MDG), 2011 U.S. Dist. LEXIS 107409, at *28-29 (E.D.N.Y. Sept. 23, 2011) (citing Kirsch, 148 F.3d at 173 (court should "deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application")); Manzo v. Sovereign Motor Cars, Ltd., No. 08-CV-1229

11

(JG) (SMG), 2010 U.S. Dist. LEXIS 46036, at *32 (E.D.N.Y. May 11, 2010) ("If the court determines that the number of hours expended was excessive, redundant or otherwise unnecessary, the court may make reductions to individual entries, or elect to account for such over-billing in an across-the-board percentage deduction.").

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court: 1) reduce Mr. Lozar's hourly rate to $275 per hour; 2) deny plaintiff's counsel's request for fees in connection with plaintiff's application; and 3) reduce across-the-board the hours expended by counsel by 20%.

Dated: New York, New York
December 1, 2016

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        *Attorney for Defendants City of New York,*
        *Detective Bocachica, and Police Officer UCO #218*
        100 Church Street, Room 3-217
        New York, New York 10007
        (212) 356-3549

        By:    /s/Katherine A. Byrns
                  Katherine A. Byrns
                  Assistant Corporation Counsel