UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\-------------------------------------------------------------X
                                                          :

RHONDA WILLIAMS,                              :

                                                       :

                               Plaintiff,    :           16-CV-233 (JPO)

                                                       :

                         -v-                :         OPINION AND ORDER

                                                       :

CITY OF NEW YORK, *et al.*,                   :

                                                       :

                                 Defendants. :
\-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

On September 19, 2016, the Court was notified that Defendants provided, and Plaintiff

Rhonda Williams accepted, an offer of judgment in this matter pursuant to Rule 68 of the Federal

Rules of Civil Procedure in the amount of $10,001.00.  (Dkt. No. 31.)  Accordingly, the case was

closed (Dkt. No. 32), and a Clerk's Judgment was issued on September 27, 2016 (Dkt. No. 33).

On November 1, 2016, Williams filed for attorney's fees and costs.  (Dkt. No. 37.)

Defendants oppose the motion on two grounds: the reasonableness of hourly rate of the fees and

the reasonableness of the number of hours billed.  For the reasons that follow, Williams's motion

is granted in part and denied in part.

## I.     Legal Standard

"Federal statute permits the court, 'in its discretion' to 'allow a prevailing party' in a

federal civil rights action 'a reasonable attorney's fee as part of the costs.'"  *Schoolcraft v. City*

*of N.Y.*, No. 10 Civ. 6005, 2016 WL 4626568, at *2 (S.D.N.Y. Sept. 6, 2016) (quoting 42 U.S.C.

§ 1988(b)).  "The Second Circuit has held that plaintiffs who accept Rule 68 offers of judgment

qualify as 'prevailing parties' entitled to attorneys' fees and costs."  *Davis v. City of N.Y.*, No. 10

Civ. 699, 2011 WL 4946243, at *2 (S.D.N.Y. Oct. 18, 2011).

"District courts are afforded considerable discretion in determining the amount of attorneys' fees in any given case." *Id.* In doing so, courts multiply the number of hours by a reasonable hourly rate—this method "creates a presumptively reasonable fee." *Stanczyk v. City of N.Y.*, 752 F.3d 273, 284 (2d Cir. 2014) (internal quotation marks omitted) (quoting *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

## II.    Discussion

As an initial matter, Defendants do not oppose the costs sought by Williams, and those few items—including, for example, the process server fees and PACER charges (Dkt. No. 39, Ex. 4)—appear reasonable.

The Court now turns to the disputed question of attorney's fees, first discussing the appropriate hourly rate and then the number of hours billed. Finally, the Court resolves the question of additional fees in connection with this motion.

### A.    Hourly Rate

Defendants challenge Williams's counsel's hourly rate.

"A reasonable hourly rate is determined by the 'prevailing market rate,' that is, the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Mosher v. Davita Healthcare Partners Inc.*, No. 15 Civ. 7594, 2016 WL 3963131, at *1 (S.D.N.Y. July 20, 2016) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "The relevant community, in turn, is the district in which the court sits." *Id.* (quoting *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 208 (2d Cir. 2005) (citation omitted)). In evaluating the reasonableness of the hourly rate, the Second Circuit has urged district courts to keep in mind the twelve *Johnson* factors. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). They are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (quoting *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Williams's counsel graduated from Georgetown University Law Center in 2003, held two federal-court clerkships, and honed his litigation skills at several diverse jobs—including at the U.S. Attorney's Office for the Southern District of California, in private practice at the firm of Kramer Levin Naftalis & Frankel, and at the Reporters Committee for Freedom of the Press, among others. (Dkt. No. 40 ¶¶ 11-18.) In 2015, he established a solo practice, focusing on Section 1983 litigation. (*Id.* ¶ 10.) Based on these qualifications, Williams's counsel seeks an hourly rate of $400.

Looking to comparable cases in this District, a rate of $400 per hour is in line with the prevailing market rate for a similarly credentialed attorney. To support his rate, Williams's counsel points to his own prior billing rate of $490 and $510 per hour, as well as rates approved by courts in this District for similarly credentialed and experienced lawyers. (*See* Dkt. No. 38 at 10-13.) For example, in the context of a Section 1983 action, a court in this District awarded an hourly rate of $550 for attorneys roughly in Williams's counsel's peer group (considering law school attended and years of litigation experience). *See Bailey v. Pataki*, No. 08 Civ. 8563, 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016). Defendants, too, cite a case supporting a range that includes William's counsel's hourly rate. (Dkt. No. 46 at 4 (citing *Wise v. Kelly*, 620 F.

Supp. 2d 435, 446 (S.D.N.Y. 2008) (collecting cases awarding $230 to $430 per hour for civil rights litigators in this District).)

Addressing specific *Johnson* factors contested by the parties, the Court finds that the first factor (the time and labor required), as well as the second and third factors (the difficulty of the matter and the level of skill required of the legal work), counsel in favor of Williams's attorney's proposed fee. Williams's lawyer represents that, at the time of the Rule 68 offer of judgment, he had already undertaken to build a substantial record to support motion practice in the case, particularly as regards undercover officer discovery (thus strengthening his client's position), together with other complexities of the case (such as the facts surrounding Williams's co-arrestee and related motion practice required to obtain the relevant records to distinguish Williams). (Dkt. No. 38 at 12.) In light of the work Williams's counsel undertook to put his client in a strong position leading up to the Rule 68 offer, Defendants' argument that his tasks were not difficult, and required neither labor nor skill, is unpersuasive. (*See* Dkt. No. 46 at 6.)

Williams's counsel also represents—under the fourth and fifth *Johnson* factors (the preclusion of employment by the attorney due to acceptance of the case and the attorney's customary hourly rate)—that because he is a solo practitioner, this work prevented him from taking on other employment and that the rate he seeks in connection with this motion is supported by his customary hourly rate. (*Id.* at 13.)

And the comparison to the rate charged by comparable attorneys, as discussed above, buttresses Williams's counsel's claim that, under the ninth and twelfth *Johnson* factors, his experience, reputation, and ability merit this hourly rate. While Williams's counsel's rate is somewhat higher than some rates cited by Defendants (*see* Dkt. No. 46 at 4 (citing two cases describing an hourly rate between $250 and $350)), here, counsel has credentials and a diversity of litigation experience (including, as discussed above, years practicing in various selective legal

4

jobs, such as his federal clerkships and his time working in a federal prosecutor's office) that warrants a slight uptick, *see Bailey*, 2016 WL 3545941, at *6. In light of Williams's counsel's years of practice in diverse roles, the Court is unpersuaded by Defendants' argument that—because his solo Section 1983 practice is relatively young—he should be considered less experienced and compensated at a lower rate. (Dkt. No. 46 at 4.)

Taken together, the weight of the *Johnson* factors thus support Williams's counsel's hourly rate.

Williams's counsel also seeks compensation for additional time entries at a paralegal rate of $125 per hour (though counsel himself carried out these tasks). (*See* Dkt. No. 39, Ex. 4.) This Court follows the example of others in this District in approving of such costs at the rate sought. *See, e.g.*, *Muñoz v. Manhattan Club Timeshare Ass'n, Inc.*, No. 11 Civ. 7037, 2014 WL 4652481, at *4 (S.D.N.Y. Sept. 18, 2014) (noting that paralegals in this District bill between $75 and $200 per hour and permitting an attorney who performed paralegal work to receive fees at an hourly paralegal rate of $150). The Court also notes that the requested paralegal rate of $125 per hour finds additional support from the fact that Williams may well have benefited from having a single, trained attorney handling the case in its entirety, including some paralegal work. *See, e.g.*, *Sanguineti v. Boqvist*, No. 15 Civ. 3159, 2016 WL 1466552, at *4 (S.D.N.Y. Apr. 14, 2016) (approving of a $129 per hour paralegal rate for work completed by an attorney).

As a result, the Court finds that both the hourly rate and the paralegal rate are reasonable and should be used in calculating a fees award.

### B.     Number of Hours Billed

Defendants also dispute the number of hours billed—twenty-five, all told. (Dkt. No. 39, Ex. 4.) Defendants argue that Williams's counsel simply spent too much time reviewing

material in connection with this case and that he has included entries that do not rise to the level of attorney work.

"[A] court must determine how much time was reasonably expended in order to arrive at the presumptively reasonable fee." *Mosher*, 2016 WL 3963131, at *2 (quoting *Danaher Corp. v. Travelers Indem. Co.*, No. 10 Civ. 0121, 2015 WL 409525, at *3 (S.D.N.Y. Jan. 16, 2015), *adopted in full*, No. 10 Civ. 121, 2015 WL 1647435 (S.D.N.Y. Apr. 14, 2015)). In doing so, courts exclude "excessive, redundant or otherwise unnecessary hours." *Id.* (quoting *Danaher Corp.*, 2015 WL 409525, at *3).

As an initial matter, Williams's counsel's declaration, line-item invoice, and contemporaneous records show how he spent his time (*see* Dkt. No. 39, Exs. 3-4), and provide sufficient information for the Court to evaluate the reasonableness of the hours billed, *see N.Y.S. Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983); *Wilder v. Bernstein*, 975 F. Supp. 276, 285 (S.D.N.Y. 1997).

Turning to the reasonableness of the number of hours, Defendants' objection to Williams's counsel's time entries amounts to a complaint that he spent too much time reviewing fairly lengthy materials and drafting documents connected to the litigation, some of which Defendants claim could have been farmed out or else constituted clerical work. (Dkt. No. 46 at 10-11.) But these entries are not unreasonable tasks for an attorney to carry out given the facts of this litigation, such as the back-and-forth correspondence with defense counsel. And given the volume of pages reviewed by Williams's attorney, the number of hours is not excessive. To that end, the Court is mindful that the relevant standard for evaluating the reasonableness of fees considers the "minimum necessary to litigate the case *effectively*." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (emphasis added) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 118 (2d Cir. 2007)).

6

For these reasons, the number of hours requested by Williams is appropriate.

## C.     Fees in Connection with this Motion

Williams also seeks fees in connection with the preparation of this motion.  When, as here (*see* Dkt. No. 39, Ex. 1), "a plaintiff accepts an offer of judgment that includes fees 'up to the date' of the offer, the Court, as a general matter, should not award fees for work performed on the plaintiff's claims after that date," *see Lee v. Santiago*, No. 12 Civ. 2558, 2013 WL 4830951, at *5 (S.D.N.Y. Sept. 10, 2013) (quoting *Long v. City of N.Y.*, No. 09 Civ. 699, 2010 U.S. Dist. LEXIS 81020, at *5 (S.D.N.Y. Aug. 6, 2010)).  As such, and in the absence of bad faith on Defendants' part in contesting the fees award, *see Long*, 2010 U.S. Dist. LEXIS 81020, at *5-*6, the Court declines to award fees in connection with the preparation of this motion.

## III.     Conclusion

For the foregoing reasons, Williams's motion for attorney's fees and costs is GRANTED IN PART, with respect to all fees and costs up until the accepted Rule 68 offer of judgment, and DENIED IN PART, as regards the fees sought in connection with preparing this motion for attorney's fees.

The Clerk of Court is directed to close the motion at Docket Number 37.


SO ORDERED.


Dated:  May 9, 2017
New York, New York


_____
J. PAUL OETKEN
United States District Judge